IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
IOWA CENTRAL DIVISION

| | |
|---|---|
| SHONETHIA M. MARSHALL,<br><br>PLAINTIFF,<br><br>vs.<br><br>UNITED FP, INC. d/b/a PLG,<br><br>DEFENDANT. | Civil Action No.<br><br>COMPLAINT and DEMAND FOR JURY TRIAL |

NOW COMES the Plaintiff, Shonethia Marshall ("Plaintiff" or "Marshall") by and through his attorney, L. Ashley Zubal, and for her Complaint against the Defendant, United FP, Inc. d/b/a PLG (hereinafter "Defendant" or "United FP"), alleges as follows:

## I.   INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq, (hereinafter "FDCPA") and the Iowa Debt Collection Practices Act, § 537.7103, et seq, (hereinafter "IDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II.   JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III.   PARTIES

3. Plaintiff, Shonethia Marshall, is a natural person residing in Des Moines, Iowa.

4. Defendant, United FP, Inc. is a business engaged in the collection of debts owed to another in the State of Iowa.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). Plaintiff is a "debtor" as that term is defined by Iowa Code § 537.7102(6).

6. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Iowa Code § 537.7102(5).

7. At some point in time, the Plaintiff incurred a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Iowa Code § 537.7102(3), to First Bank of Deleware, which was used for personal, family, or household use.

8. Sometime thereafter, the debt was sold, assigned, or otherwise transferred to the Defendant for collection.

9. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## IV.   FACTUAL ALLEGATIONS

10. On or about December 8, 2010, a representative of the Defendant who identified himself as Mike, contacted the Plaintiff's place of employment and spoke with the Plaintiff's manager, Mr. Frank Chezworth. The representative stated that he was calling from PLG about Mr. Chezworth's employee, Shonethia Marshall. The representative further stated that he was calling to verify Ms. Marshall's place of employment and that he intended to served legal papers on Ms. Marshall in the next 48 hours. The representative further referenced case number 60788 which was apparently assigned to Ms. Marshall's account.

11. The Plaintiff's manager, Frank Chezworth, immediately informed Ms. Marshall of the call. On or about December 8, 2010, Ms. Marshall called the Defendant and requested information about the call made to her employer. Defendant's representative stated that they were PLG and that they were collecting a debt originally owed to First Bank of Delaware. The represeantive stated that there was a current case (#60788) pending against the Plaintiff. The Defendant stated that the debt due and owing as of December 8, 2010 was $2567.36. The representative stated that if the Plaintiff was willing to provide her credit card information that day, they would accept a settlement on the debt in the amount of $1,460.00.

12. The Plaintiff stated that she did not have the funds available to make the payment and requested a payment plan. The representative provided the address for which they

had on file for the Plaintiff and expressed that they had sent her mail and it was too late for a payment plan. The Plaintiff stated that she had not lived at that address for more than three years. The representative made no attempt to verify or request the Plaintiff's present address.

13. The Plaintiff again refused to provide her account information over the phone. The representative refused to discuss a payment plan. The representative stated that if the Plaintiff did not make a lump sum payment she would be served garnishment papers in the next 48 hours and that they could take up to 25% of her income. The representative then wished the Plaintiff good luck and hung up on her.

14. Upon information and belief, during the communication with the Plaintiff's manager and with the Plaintiff directly, the Defendant had no intention of filing a lawsuit against the Plaintiff for the debt she allegedly owed.

15. At the time Defendant made the aforementioned threat to have Plaintiff's wages garnished, no lawsuit had been filed against Plaintiff for the debt she allegedly owed.

16. At the time Defendant made the aforementioned threat to have Plaintiff's wages garnished, no judgment had been entered against Plaintiff for the debt he allegedly owed.

17. Since the date of the initial communication on December 8, 2010, the Defendant has failed to forward the required written correspondence to the Plaintiff stating the amount of the debt and the Plaintiff's right to request verification of the debt.

18. As a result of the above-referenced communications and actions of the Defendant, the Plaintiff has experienced the following damages including, but not limited to: embarrassment, humiliation, frustration, anger, stress, fear, loss of sleep and anxiety.

V.   FIRST CLAIM FOR RELIEF: VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

19. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 18.

20. United FP, Inc. and its agents violated the FDCPA through the foregoing acts and omissions including, but not limited to:

a. The Defendant violated 15 U.S.C. § 1692b(1)(2) by contacting the Plaintiff's employer for purposes other than to verify employment and by implying the fact that the Plaintiff owes a debt.
b. The Defendant violated 15 U.S.C. § 1692c(b) through a communication in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.
c. The Defendant violated 15 U.S.C. § 1692e(2)(a) through the false representation of the character, amount, or legal status of any debt.
d. The Defendant violated 15 U.S.C. § 1692e(5) through the threat to take any action that cannot legally be taken or that is not intended to be taken.
e. The Defendant violated 15 U.S.C. § 1692e(10) through the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
f. The Defendant violated 15 U.S.C. § 1692e(11) by failing to state in the initial communications and communications subsequent that the communication is from a debt collector and any information will be used for that purpose.
g. The Defendant violated 15 U.S.C. § 1692f through the use of unfair or unconscionable means to collect or attempt to collect a debt.
h. The Defendant violated 15 U.S.C. § 1692g by failing, within five days after its initial communication with Plaintiff, to provide written notification containing a statement that unless Plaintiff, within thirty days after receipt of that notice, disputed the validity of the debt, or any portion thereof, Defendant would assume the debt was valid, or failed within five days after its initial communication with Plaintiff to provide a written notice containing a statement that if Plaintiff notified Defendant in writing, within the thirty-day period that the debt, or any portion thereof, was disputed, Defendant would obtain verification of the debt or a copy of a judgment against Plaintiff and a copy of such verification or judgment

would be mailed to Plaintiff by Defendant and that Defendant would provide Plaintiff with the name and address of the original creditor.

21. The Plaintiff is entitled to statutory damages up to $1,000.00 for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A).

22. The Plaintiff is entitled to actual damages for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(1).

23. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3).

## VI.  SECOND CLAIM FOR RELIEF: VIOLATION OF THE IOWA DEBT COLLECTION PRACTICES ACT (IDCPA)

24. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 23.

25. United FP, Inc. and its agents violated the IDCPA through the foregoing acts and omissions including, but not limited to:

   a. The Defendant violated Iowa Code § 537.7103(1)(f) by violating 15 U.S.C. §§ 1692b(1)(2); 1692c(b); 1692e(2)(a); 1692e(5); 1692e(10); 1692e(11); 1692f; and 1692g.

   b. The Defendant violated Iowa Code § 537.7103(3)(a) by communicating the alleged debtors employer for purposes other than to verify employment.

   c. The Defendant violated Iowa Code § 537.7103(4)(b) by failing to state in the initial communications and communications subsequent that the communication is from a debt collector and any information will be used for that purpose.

26. The Plaintiff is entitled to statutory damages ranging from $100.00 to $1,000.00 for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

27. The Plaintiff is entitled to actual damages for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

28. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the IDCPA pursuant to § 537.5201(8).

WHEREFORE, the Plaintiff respectfully requests that judgment be entered against the Defendant, that the Plaintiff be awarded statutory damages, actual damages, the cost of this action along with reasonable attorney fees, and for such other relief as the Court deems appropriate in the circumstances.

## VII.   JURY DEMAND

The Plaintiff respectfully requests a trial by jury.

Respectfully submitted,

  /s/ L. Ashley Zubal
L. Ashley Zubal IS9998256
Marks Law Firm, P.C.
4225 University Avenue
Des Moines, IA 50311
(515) 276-7211
(515) 276-6280
ATTORNEY FOR PLAINTIFF